UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCOTTSDALE INSURANCE COMPANY,
            Plaintiff,

v.

RECOVERING CHAMPIONS, INC.,
AWAKENINGS, INC. and WALTER LANE, as
Personal Representative for the ESTATE OF
PATRICK LANE,
            Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF THE ACTION

1.      This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.*

and Rule 57 of the Federal Rules of Civil Procedure.

### PARTIES

2.      Scottsdale is a corporation existing under the laws of Ohio, with its principal

place of business in Scottsdale, Arizona.

3.      RECOVERING CHAMPIONS, INC. ("Recovering Champions") is a

Massachusetts corporation with its principal place of business in East Falmouth, Massachusetts.

4.      AWAKENINGS, INC. is a Massachusetts corporation with its principal place of

business in East Falmouth, Massachusetts.

5.      Walter Lane is a citizen and resident of the Commonwealth of Massachusetts.

6.      Upon information and belief, Walter Lane was duly appointed as Personal

Representative of the Estate of Patrick Lane.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

8.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the claim occurred in this judicial district, and all of the defendants have their principal place of business in or reside in this judicial district.

## FACTS

### I.     The Applications and the Policy

9.     Recovering Champions applied for a policy of insurance with Scottsdale by submitting a Halfway House General Liability Application dated January 30, 2015 (the "GL Application").  A true and accurate copy of the GL Application is attached hereto as **Exhibit A.**

10.     The GL Application describes the nature of Recovering Champions' business as Spiritual Retreat.  *See*, Exhibit A.

11.     In reliance on the information contained in the GL application, Scottsdale issued a Commercial General Liability Policy No. CPS2116744, which was in effect from February 11, 2015 to February 11, 2016.

12.     On or about February 7, 2016, Recovering Champions submitted an application (the "Renewal Application") to renew the general liability policy issued by Scottsdale.  A true and correct copy of the Renewal Application is attached hereto as **Exhibit B.**

13.     On the Renewal Application, Recovering Champions described the nature of operations as sober living motel and outpatient counseling. *See*, Ex. B.

14.     On page 4 of the Renewal Application, in response to the question "does

2

treatment process involve the admission of methadone or other drugs", Recovering Champions stated "No".

16. On page 4 of the application, the box for "No" was checked in response to the question, "Any involvement in medical detoxification".

16. The Policy was cancelled effective December 26, 2016.

17. The Renewal Application contains the following fraud warning:

> ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES...

Exhibit B.

18. The Renewal Application was signed on behalf of Recovering Champions on February 7, 2016.

19. The Renewal Application requested that Awakenings, Inc. be added to the Policy.

20. In reliance upon the information contained in the Renewal Application, Scottsdale issued Policy No. CPS 2361358 ("the Policy") for policy period of February 11, 2016 – February 11, 2017. A true and correct copy of the Policy is annexed hereto as **Exhibit C.**

21. The Policy contains the following relevant condition:

> **6. Representations**
>
> By accepting this policy, you agree:
> a. The statements in the Declarations are accurate and complete;
> b. Those statements are based upon representations you made to us; and
> c. We have issued this policy in reliance upon your representations.

Exhibit C.

## II.    The Claim

22.    On or about May 25, 2016, a potential claim was reported to Scottsdale by Recovering Champions' retail agent.

23.    The information provided by the retail agent was that a lodger at Recovery Champions' facility died on March 30, 2016.  The lodger was Patrick Lane.

24.    On or about October 17, 2016, Scottsdale learned that a Notice of Intent to file claim had been sent to both Recovering Champions and Awakenings, Inc.

25.    In the Notice of Intent to file a claim, counsel for the Estate of Patrick Lane alleged that Patrick Lane was admitted to Awakenings Lodge for a partial hospitalization program.

26.    The partial hospitalization program was for detoxification.

27.    The Notice also stated that while a resident at Awakenings, Patrick Lane was prescribed certain medications, including Vivitrol.

28.    On December 15, 2016, Scottsdale issued a Reservation of Rights letter to Recovering Champions.

29.    Scottsdale undertook additional investigation relative to the claim, which established that the Renewal Application contained various material misrepresentations and/or omissions.  Recovering Champions' material misrepresentations and/or omissions in the Renewal Application include, but are not limited to:

a.    Describing the nature of its business as Spiritual Retreat and Outpatient counseling;

b.    Representing that it was not involved in detoxification; and

c.    Representing that its services did not involve administration of methadone or

other drugs.

*See*, Ex. B.

30.     However, contrary to the representations in the Renewal Application, Recovering

Champions and/or Awakenings:

> a.  Was proving medical services beyond outpatient counseling;
>
> b.  Was providing detoxification services; and
>
> c.  Was involved in administration of drugs.

31.     The representations in the Renewal Application were material and the basis for

Scottsdale's agreement to issue the Policy.

32.     If Scottsdale knew the nature and scope of Recovering Champions' services,

Scottsdale would not have issued the Policy.

33.     Scottsdale has advised Recovering Champions and Awakening, Inc. of its intent

to seek rescission of the Policy *ab initio* based upon the material misrepresentations in the

Renewal Application and Supplemental Application by letter dated May 26, 2017, and has

returned all premiums paid by Recovering Champions for the Policy.

## COUNT I

### (Rescission)

34.     Scottsdale repeats and re-alleges paragraphs 1-33 as if stated more fully in this

paragraph.

35.     In completing the Renewal Application, Recovering Champions misrepresented

facts about the nature and scope of its services.

36.     Based upon and in reliance on the information contained in the Renewal

Applications, Scottsdale issued the Policy to Recovering Champions.

37.     If the application had contained accurate and correct information, Scottsdale would not have issued the Policy.

38.     Alternatively, if the application had contained accurate and correct information, Scottsdale would have issued the Policy with substantially different terms and conditions and would have charged a much greater premium for it.

39.     Under Massachusetts G.L. c. 175, § 186 and other applicable statutory and common law, Scottsdale is entitled to a declaration that the Policy is void *ab initio* based upon the material misrepresentations and/or omissions in the GL Application.


WHEREFORE, Scottsdale respectfully requests this Court enter an order declaring that:

1.     The Policy numbered CPS 2361358 is rescinded and void *ab initio*;

2.     In light of the rescission of the aforesaid policy, Scottsdale has no duty or obligation to defend or indemnify Recovering Champions and/or Awakenings Inc. in connection with the claim made by Estate of Patrick Lane against Recovering Champions and/or Awakenings Inc.;

3.     Scottsdale is awarded its attorneys' fees and costs incurred in rescinding the Policy, including the attorneys' fees and costs incurred in prosecuting this action; and

4.     Scottsdale is entitled to such other and further relied as it deems just and proper.


DATE:     July 13, 2017          Respectfully submitted,

**SCOTTSDALE INSURANCE COMPANY**

By its attorneys,

/s/ Jonathan L. Schwartz

6

Jonathan L. Schwartz (BBO #569018)
GOLDBERG SEGALLA LLP
311 S. Wacker Dr., Suite 2450
Chicago, IL 60606
Tel:  312-572-8411
jschwartz@goldbergsegalla.com

OF COUNSEL
Sharon Angelino
GOLDBERG SEGALLA LLP
665 Main St.
Buffalo, NY 14203-1425
Tel:  716-566-5411
sangelino@goldbergsegalla.com