UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTTSDALE INSURANCE COMPANY,

       Plaintiff,

v.

RECOVERING CHAMPIONS, INC.,
AWAKENINGS, INC. and WALTER LANE, as
Personal Representative for the ESTATE OF
PATRICK LANE

       Defendants.

C.A. No: 17-11296-LTS

## ANSWER AND COUNTERCLAIM
## OF DEFENDANTS RECOVERING CHAMPIONS, INC. AND AWAKENINGS, INC.

For their answer to the Complaint of Scottsdale Insurance Company ("Scottsdale"), defendants Recovering Champions, Inc. ("Recovering Champions") and Awakenings, Inc. ("Awakenings") (collectively, the "Answering Defendants") state as follows:

1.     The allegations of this paragraph constitute assertions of law as to which no response is required.

2.     On information and belief, admitted.

3.     Admitted.

4.     Admitted that Awakenings, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts, but denied that its principal place of business is located in East Falmouth, Massachusetts.

1

5. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

6. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

7. Admitted that the amount in controversy exceeds the sum or value of $75,000.00 and that Scottsdale and the Answering Defendants are of different states. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the citizenship or residency of Defendant Walter Lane. The remaining allegations of this paragraph constitute assertions of law as to which no response is required.

8. Admitted that a substantial part of the events giving rise to the claim occurred in this judicial district and that the Answering Defendants have their principal places of business in this judicial district. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning citizenship or residency of Defendant Walter Lane. The remaining allegations of this paragraph constitute assertions of law as to which no response is required.

9. Admitted that, in 2015, Recovering Champions applied for a policy of insurance with Scottsdale. Denied that this application was dated January 30, 2015. Denied that this application was entitled "Halfway House General Liability Application". Denied that Exhibit A to the Complaint is a true and accurate copy of that 2015 application. Any remaining allegations of this paragraph are denied.

10. Denied that Exhibit A to the Complaint exclusively describes the nature of Recovering Champions' business as Spiritual Retreat. Denied insofar as this paragraph alleges

that Exhibit A to the Complaint is an application for insurance dated January 30, 2015. Insofar as the allegations of this paragraph characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. Any remaining allegations of this paragraph are denied.

11.     Admitted that Scottsdale issued a Commercial General Liability Policy No. CPS2116744, with a policy period of February 11, 2015, to February 11, 2016. Denied that this policy was issued in reliance on information contained in Exhibit A to the Complaint. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations of this paragraph.

12.     Admitted that Recovering Champions submitted an application to Scottsdale for general liability insurance on or about February 7, 2016. Denied to the extent this paragraph alleges that this was the only application or information submitted to Scottsdale by Recovering Champions in connection with renewal of its general liability policy in 2016. Denied that Exhibit B to the Complaint is a true and accurate copy of that application as submitted on February 7, 2016.

13.     Denied that this paragraph is a complete and accurate description of the referenced document. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

14. Admitted that page 4 of the application submitted by Recovering Champions on February 7, 2016 contains a question "Does treatment process involve the administration of methadone or other drugs?" All remaining allegations of this paragraph are denied.

15. Admitted that page 4 of the application submitted by Recovering Champions on February 7, 2016 contains a question "Any involvement in medical detoxification?" and that the responsive box "No" is checked. All remaining allegations of this paragraph are denied.

16. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

17. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

18. Admitted that the application submitted by Recovering Champions on February 7, 2016 bears a signature on behalf of Recovering Champions and the date February 7, 2016. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

19. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof.

20. Admitted that Scottsdale issued Policy No. CPS 2361358 for policy period February 11, 2016, to February 11, 2017 (the "Subject Policy"). The Answering Defendants

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

21. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

22. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

23. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

24. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

25. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

26. Denied.

27. Insofar as the allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

28. Admitted that Scottsdale sent a letter to Recovering Champions on or about December 15, 2016. Insofar as the remaining allegations of this paragraph exclusively characterize the content of a document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. All remaining allegations of this paragraph are denied.

29. Denied.

30. Denied.

31. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

32. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

33. Admitted that Scottsdale sent a letter to Recovering Champions dated May 26, 2017. Insofar as the allegations of this paragraph characterize the content of that document, the Answering Defendants state that the document speaks for itself, and refer the Court to that document for the content thereof. Admitted that Scottsdale tendered Recovering Champions a check purportedly as return of a premium, but denied that Recovering Champions has accepted that payment. Any and all remaining allegations of this paragraph are denied.

34. Answering Defendants repeat their responses to paragraphs 1-33 as if fully stated herein.

35. Denied.

36. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

37. Denied.

38. Denied.

39. Denied.

### First Affirmative Defense – Waiver

Scottsdale has waived any right to rescission of the Subject Policy by its conduct and statements, including because it failed to timely rescind the Subject Policy upon learning of the purported basis therefor.

### Second Affirmative Defense – Estoppel

Scottsdale is estopped from rescinding the subject policy because of its conduct and statements, including its providing a defense and its failure to timely rescind the Subject Policy upon learning of the purported basis therefor, and because of the Answering Defendants' reasonable reliance thereon.

### Third Affirmative Defense – Laches

Scottsdale's unreasonable delay in seeking to rescind the Subject Policy and the resulting prejudice to the Answering Defendants precludes rescission of the Subject Policy.

### Fourth Affirmative Defense – Unclean Hands

Scottsdale is not entitled to rescission of the Subject Policy due to its own inequitable and/or bad faith conduct.

### Fifth Affirmative Defense – Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted or any valid legal basis upon which any liability can be premised.

**Sixth Affirmative Defense -- Immateriality**

Any misrepresentations made by Answering Defendants were inadvertent, unintentional, and/or immaterial, for which reasons they are not a basis for recovery.

**Seventh Affirmative Defense**

Answering Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during discovery in this case or otherwise, and hereby reserve the right to amend this Answer to assert any such defenses.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECOVERING CHAMPIONS, INC., AWAKENINGS, INC., and MARYANN LANDRY,

        Plaintiffs-in-Counterclaim,

v.

SCOTTSDALE INSURANCE COMPANY,

        Defendant-in-Counterclaim

C.A. No: 17-11296-LTS

## COUNTERCLAIM OF RECOVERING CHAMPIONS, INC. , AWAKENINGS, INC., AND MARYANN LANDRY AGAINST SCOTTSDALE INSURANCE COMPANY

1.    This is an action by Plaintiffs-in-Counterclaim Recovering Champions, Inc. ("Recovering Champions"), Awakenings, Inc. ("Awakenings"), and Maryann Landry ("Landry") (collectively, the "RCI Parties") against Defendant-in-Counterclaim Scottsdale Insurance Company ("Scottsdale") for common law breach of insurance contract and for committing unfair and deceptive acts and practices in the business of insurance prohibited by G.L. ch. 93A and ch. 176D, § 3.

## PARTIES

2.    Recovering Champions is a Massachusetts corporation, and its principal place of business is located in the Commonwealth of Massachusetts.

3. Awakenings, Inc. is a Massachusetts corporation, and its principal place of business is located in the Commonwealth of Massachusetts. Awakenings, Inc. was incorporated in July 2016.

4. Landry resides in Massachusetts and has been an employee of Recovering Champions since on or about November 16, 2015, to the present.

5. On information and belief, Scottsdale is an Ohio corporation, and its principal place of business is located in Scottsdale, Arizona.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because it is a civil action between parties of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## FACTS

### THE APPLICATIONS AND SUBJECT POLICY

8. Recovering Champions provides substance abuse recovery programs for clients afflicted with drug and alcohol addiction.

9. In or around February 2016, Recovering Champions submitted a Commercial Insurance Application to Scottsdale (the "Application").

10. On or about February 7, 2016, Recovering Champions submitted a supplemental insurance application to Scottsdale entitled "Halfway House General Liability Application" (the "Supplemental Application").

11. At the time of the Supplemental Application, the Awakenings Lodge was a d/b/a of Recovering Champions.

12. The Supplemental Application identified the Awakenings Lodge as among the "subsidiary companies/locations and others coming under applicant's control."

13. After receipt of the Application and Supplemental Application, Scottsdale issued Commercial General Liability Policy No. CPS2361358 to named insured Recovering Champions Inc. DBA Awakenings on Cape Cod (the "Subject Policy").

14. Among other things, the Subject Policy contains an Errors and Omissions Coverage Part (the "E/O Coverage Part"), which provides up to $1,000,000 in coverage per Claim, and up to $3,000,000 of aggregate coverage.

15. Among other things, the E/O Coverage Part's Insuring Clause provides that Scottsdale will "pay those sums that the insured becomes legally obligated to pay as 'damages' as a result of an 'error or omission' to which this insurance applies" and that Scottsdale "will have the right and duty to defend the insured against any 'suit' seeking those 'damages.'"

16. The E/O Coverage Part states that "'Suit' means a civil proceeding in which 'damages' for injury to which this insurance applies are alleged."

17. The E/O Coverage Part states that "'Damages' means monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an 'error or omission' to which this insurance applies."

18. Among others, employees of Recovering Champions are insureds under the E/O Coverage Part for acts within the scope of their employment or while performing duties related to the conduct of Recovering Champions' business.

## THE LANE CLAIM

19. Patrick John Lane died on or about March 30, 2016. At that time, he was living in a sober living cottage at the Awakenings Lodge, which remained a d/b/a of Recovering Champions.

20. In a letter dated April 21, 2016, counsel representing Mr. Lane and/or his estate requested that the Awakenings Lodge provide copies of certain records pertaining to Mr. Lane (the "Lane Records Request").

21. On or about October 6, 2016, counsel representing the Estate of Patrick Lane sent letters to Recovering Champions, Awakenings, and Landry, among others, regarding "Notice of Intent to File Claim" (the "Lane Notice Letters").

22. The Lane Notice Letters initiated proceedings under Massachusetts General Laws Chapter 231, § 60L, which requires certain actions prior to the filing of a lawsuit against a provider of health care.

23. The Lane Notice Letters alleged, among other things, that Recovering Champions, Awakenings, and Landry were responsible for errors or omissions at the Awakenings Lodge that are covered by the Subject Policy.

24. The Estate of Patrick Lane served Recovering Champions and Awakenings with a Complaint filed in Massachusetts Superior Court (the "Lane Complaint") on or about July 18, 2017, and July 21, 2017, respectively.

25. The Lane Complaint alleges, among other things, that Recovering Champions, Awakenings, and Landry were responsible for errors or omissions at the Awakenings Lodge that are covered by the Subject Policy.

## SCOTTSDALE DEFENDS THE LANE CLAIM

26. Recovering Champions reported Mr. Lane's death and the Lane Records Request to Scottsdale no later than May 20, 2016.

27. Recovering Champions transmitted the Lane Notice Letters pertaining to Recovering Champions, Awakenings, and Landry to Scottsdale on October 11, 2016.

28. On or before December 15, 2016, Scottsdale was aware of the content of the Application and Supplemental Application and any supplements or corrections thereto, and of the gravamen of the Lane Complaint.

29. On December 15, 2016, Scottsdale sent Recovering Champions a letter stating, among other things, that (1) the E/O Coverage Part "may provide coverage for our named insured, Recovering Champions, Inc., dba Awakenings at Cape Cod," (2) "Awakenings Lodge . . . may have coverage for the claims" under the E/O coverage part; and (3) "[c]laims asserted against Maryann Landry may have coverage" under the E/O coverage part.

30. By a separate email on December 15, 2016, Scottsdale informed Recovering Champions that Scottsdale had "engaged a defense firm to defend Recovering Champions and to begin a pre-suit investigation."

31. In fact, on or before December 15, 2016, Scottsdale engaged the law firm Brody, Hardoon, Perkins & Kesten LLP ("BHPK"), located in Boston, Massachusetts, to defend

Recovering Champions, Awakenings, and Landry against the Lane Estate's allegations at Scottsdale's expense.

32. In reliance on Scottsdale's decision to defend the Lane Estate's claims and to engage and pay counsel on their behalf, Recovering Champions, Awakenings, and Landry did not engage independent counsel of their choice.

## SCOTTSDALE ABRUPTLY DISCLAIMS COVERAGE

33. On or about May 26, 2017, more than five months after Scottsdale undertook the defense of the Lane Estate's claims, Recovering Champions received a letter from Scottsdale's coverage counsel (the "Disclaimer Letter").

34. The Disclaimer Letter acknowledged that Scottsdale received the Application and Supplemental Application.

35. The Disclaimer Letter then "advised that the Policy is void as it was procured on the basis of material misrepresentations and/or omissions of fact made by [Recovering Champions] in its policy application" and disclaimed coverage.

36. The Disclaimer Letter appeared to identify three alleged misrepresentations in the Application and/or Renewal Application.

37. First, the Disclaimer Letter asserted that Recovering Champions made a material misrepresentation in response to Question 18 of the Supplemental Application ("Do services provided include?"), because Recovering Champions responded to the fourth subpart ("Does treatment process involve the administration of methadone or other drugs?") by marking "No."

38. In fact, in response to Question 18 of the Supplemental Application, Recovering Champions initially checked the box marked "Yes." However, after correspondence on this topic with Scottsdale's representatives, Recovering Champions amended its answer to mark

14

"No" in a supplemental submission made February 11, 2016.  This answer was correct.  At all relevant times, Recovering Champions did not administer Methadone or other prescription medications.

39. Second, the Disclaimer Letter asserted that Recovering Champions made a misrepresentation in response to Question 21 of the Supplemental Application ("Any involvement with medical detoxification?"), to which Recovering Champions responded "No."

40. Recovering Champions' response to Question 21 of the Supplemental Application was correct.  Medical detoxification consists of inpatient medical treatment of acute withdrawal symptoms that may arise in the first three to five days after a person ceases use of an addictive substance.  At all relevant times, Recovering Champions did not perform medical detoxification or provide other detoxification services.

41. Third, the Disclaimer Letter asserts that Recovering Champions made a misrepresentation in response to Question 4 of the Supplemental Application ("Type of Operation" and "Describe type of operation and services provided (attach brochure and/or advertising material if available)") by stating that it "operated non-medical facilities which provided only counseling and lodging."

42. In fact, Recovering Champions correctly responded to Question 4 by checking the box marked "Outpatient counseling or guidance center," by providing the address of its website that contained advertising materials that described its services in detail, and by also noting that its services included a "sober living motel" and "outpatient counseling".

43. On or about July 28, 2017, just ten days after the Lane Complaint was first served, Scottsdale instructed BHPK to cease representing Recovering Champions, Awakenings,

and Landry at Scottsdale's expense. As a result, Recovering Champions, Awakenings, and Landry were deprived of a defense at a key juncture and have been forced to engage defense counsel at their own expense.

44. Also on July 28, 2017, Scottsdale served Recovering Champions and Awakenings with this action for rescission of the Subject Policy based upon the same three false allegations of misrepresentation made in the Disclaimer Letter.

45. On information and belief, Scottsdale did not make a reasonable investigation of the facts pertinent to the three alleged misrepresentations described in paragraphs 33 to 44, above, prior to disclaiming coverage of the Lane Estate's claims, withdrawing its defense of those claims, and seeking rescission of the Subject Policy.

46. In refusing coverage as described in paragraphs 33 to 44 above, Scottsdale misrepresented pertinent facts, including the nature and accuracy of Recovering Champions' responses to questions on the Supplemental Application.

47. In refusing coverage as described in paragraphs 33 to 44 above, Scottsdale refused to pay claims without conducting a reasonable investigation based upon all available information, where such investigation would have revealed that Recovering Champions did not make misrepresentations when applying for the Subject Policy.

## COUNT I: BREACH OF CONTRACT

48. Recovering Champions, Awakenings, and Landry repeat and re-allege the allegations of paragraphs 1 to 47 above as if fully alleged herein.

49. The Subject Policy, including the E/O Coverage Part, constitutes a valid and enforceable contract of insurance.

50. The RCI Parties performed any and all obligations and satisfied all conditions of the Subject Policy.

51. Scottsdale is required to defend the RCI Parties against the Lane Complaint.

52. Scottsdale has materially breached its duty to defend under the Subject Policy, resulting in damages to the RCI Parties, including attorney fees they are incurring to defend themselves against the Lane Complaint.

53. Because Scottsdale has breached its duty to defend, it is required to pay the attorney fees incurred by the RCI Parties both in the defense of the Lane Complaint and also in this coverage action.

## COUNT II: VIOLATION OF G.L. CH. 93A

54. Recovering Champions, Awakenings, and Landry repeat and re-allege the allegations of paragraphs 1 to 53 above as if fully alleged herein.

55. Scottsdale willfully and knowingly engaged in unfair or deceptive acts or practices in the business of insurance primarily and substantially in Massachusetts, resulting in damages to Recovering Champions, Awakenings, and Landry.

56. Under Ch. 93A, Recovering Champions, Awakenings, and Landry are entitled to an award of their attorney fees incurred in this coverage action.

57. Under Ch. 93A, Recovering Champions, Awakenings, and Landry are entitled to an award of multiple damages.

WHEREFORE, Recovering Champions, Awakenings, and Landry respectfully request:

1. Damages in an amount to be determined at trial;

2. Multiple damages pursuant to Ch. 93A;

3. An award of attorney fees incurred in this action; and

4. A declaration that Scottsdale is required to defend Recovering Champions, Awakenings, and Landry against the Lane Complaint.

## JURY DEMAND

Plaintiffs-in-Counterclaim demand trial by jury for all claims so triable.

Dated: Sept. 1, 2017

Respectfully submitted,

*/s/ Daniel L. McFadden*
Martin C. Pentz (BBO# 394050)
Colin J. Zick (BBO# 556538)
Daniel L. McFadden (BBO# 676612)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: 617-832-1000
Fax: 617-832-7000
dmcfadden@foleyhoag.com

## **Certificate of Service**

I, Daniel McFadden, certify that the foregoing document was served on all parties through the Court's CM/ECF system.

Dated:  September 1, 2017             */s/ Daniel L. McFadden*
                                      Daniel L. McFadden